IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSHUA DIFIORE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1:21-cv-2059 |
| | ) | |
| vs. | ) | |
| | ) | |
| CELLULAR SALES OF INDIANA, LLC, d/b/a | ) | |
| CELLULAR SALES VERIZON, | ) | |
| | | |
| Defendant. | | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES
## AND REQUEST FOR JURY TRIAL

Comes now Plaintiff, Joshua DiFiore, by counsel, and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1.     Plaintiff, Joshua DiFiore (hereinafter "DiFiore" or "Plaintiff"), is a resident of Marion County in the State of Indiana and a former employee of Defendant.

2.     Defendant, Cellular Sales of Indiana, LLC, doing business as Cellular Sales Verizon, is an employer as defined by 42 U.S.C. § 2000e(b), *et. sec.*, 42 U.S.C. §12101, *et. sec.*, and 42 U.S.C. §1981, *et. sec.*, which conducts business in the State of Indiana.

3.     Mr. DiFiore filed a Charge of Discrimination (Charge 470-2020-02934) with the Equal Employment Opportunity Commission on or about June 24, 2020, alleging *inter alia*, that Defendant discriminated against Plaintiff based on his race, color and disabilities under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. and The Americans with Disabilities Act, 42 U.S.C. §12101, *et. sec.*

4.      The Equal Employment Opportunity Commission issued to Mr. DiFiore a 90-day Right to Sue letter on April 26, 2021.

5.      Mr. DiFiore invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7.      Plaintiff, is a Native American male who suffers from several disabilities related to his past military service, including brain damage, shoulder damage, Post-traumatic Stress Syndrome, and lung damage.

8.      Plaintiff was employed as a Store Lead and Manager for Defendant since 2014, and at all times met or exceeded Defendant's legitimate performance expectations.

9.      Throughout the course of his employment, the Defendant made numerous derogatory comments about Plaintiff's race and color, often referring to him as red man.

10.     In or around March 2019, Plaintiff complained to Defendant's regional headquarters that the Defendant was improperly taking money from its employees in the form of charge backs.

11.     Eight months later, Plaintiff complained again that Defendant was improperly taking money from its employees, and again nothing was done.

12.     In January 2020, the Defendant terminated Plaintiff's employment, alleging that he skewed his sales numbers in order to obtain a bonus.

**Count I**
**Race**

13.     Plaintiff incorporates by reference Paragraphs one through twelve (12) above.

14.     Defendant discriminated against Mr. DiFiore on the basis of his race when Defendant terminated his employment.

15.     Plaintiff, at all relevant times, met or exceeded Defendant's legitimate performance expectations.

16.     Similarly situated employees who were not Native Americans were treated more favorably than Plaintiff in that they were not terminated or disciplined for reporting their sales in the same manner as the Plaintiff.

17.     These actions violated Mr. DiFiore's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

18.     As a result of the foregoing, Mr. DiFiore has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

19.     As a result of Defendant's actions, Mr. DiFiore has incurred attorney fees and costs.

20.     Defendant's actions were done with malice or willful reckless disregard to Mr. DiFiore's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count II
## Color

21.     Plaintiff incorporates by reference Paragraphs one through twenty (20) above.

22.     Defendant discriminated against Mr. DiFiore on the basis of his color when it ridiculed Plaintiff for being a "red man" and eventually terminated his employment.

23.     Plaintiff, at all relevant times, met or exceeded Defendant's legitimate performance expectations.

24.     Similarly situated employees who are not "red" were treated more favorably than Plaintiff in that they were not terminated for reporting their sales in the same manner as Plaintiff did.

25.     These actions violated Mr. DiFiore's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

26.     As a result of the foregoing, Mr. DiFiore has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

27.     As a result of Defendant's actions, Mr. DiFiore has incurred attorney fees and costs.

28.     Defendant's actions were done with malice or willful reckless disregard to Mr. DiFiore's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

### Count III
### Disability Discrimination

29.  Plaintiff incorporates by reference paragraphs one (1) through twenty-eight (28) above.

30.  Plaintiff suffers from a disability(ies) as defined by the Americans with Disabilities Act.

31.  Plaintiff could do all aspects of his job with or without reasonable accommodations and at all times met or exceeded Plaintiff's legitimate performance expectations.

32.  Defendant's decision to terminate Plaintiff was because of his disabilities and/or perceived disabilities.

33.  Similarly situated nondisabled employees were treated more favorably than the Plaintiff under similar circumstances.

34.  As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, compensatory damages, costs and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## Count IV
## 42 U.S.C. §1981

35. Plaintiff incorporates by reference paragraphs one (1) through thirty-four (34) above.

36. Plaintiff is a Native American who was employed by the Defendant as a Store Lead and Manager.

37.  Plaintiff at all times met or exceeded the Defendant's legitimate performance expectations.

38.  Defendant terminated Plaintiff's employment because of his race (Native American) under the pretext that Plaintiff was *skewing his numbers* to obtain a bonus.

39. Similarly situated employees of other races reported their numbers in the same manner as Plaintiff and were not terminated, thus they were treated more favorably.

40.  As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, liquidated damages, attorney fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## Count V
## Conversion

41.     Plaintiff incorporates by reference paragraphs one (1) through forty (40) above.

42.     Defendant had a policy wherein commissions that were paid to its employees would be deducted from the employees' pay in the form of a Charge Back whenever a customer canceled their contract within six (6) months.

43.     Defendant improperly "charged back" Plaintiff's commissions on a regular basis, and Plaintiff reported it to no avail.

44.     Plaintiff had an ownership right in his commissions that were paid to him.

45.     Defendant unreasonably and intentionally exercised control over Plaintiff's commissions by improperly using its charge back policy to take back wages that Plaintiff had a right to.

46.     Plaintiff suffered damages as a result of Defendant converting his commissions.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of all money taken from him, for compensatory damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41


REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 West Smith Valley Road – Suite B
Greenwood, IN  46142
317-885-0041 - phone
888-308-6503 – fax